In the United States of District Court

Northern District federal court

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 10 2022

KEVIN P. WEIMER, C...
By: _____ Deputy

**Lawyer J. Henderson**

**Plaintiff**

**1:22-CV-3165**

Case Number

**Vs**

**Securitas Security**

**Defendant**

## Violations of Fair Standard and Labor Act of 1938 and violation of wage & Hourly claim Lawsuit

Comes now, Plaintiff Lawyer J. Henderson filed Suit (and all employees in similar situation) brings this Civil Actions on claims of FLSA Overtime, Hour's work, Poor recordkeeping, vacation, inaccurate wage & other violations of FLSA against defendant (Securitas Security, Inc).

## Administrative remedies

Plaintiff sought twice to resolve issues not only with Human Resources office at Securitas and also U.S. Department of labor's wage and Hour division between April 2019 until January 2022 without no remedies.

## Subject matter Jurisdiction

The Jurisdiction of this court is invoked pursuant to 29 U.S.C. (216) and 28 U.S.C (1331).

Although Defendant's head quarter is in Sweden, it does business in the United States with a regional office in New Jersey which is the United States.

Defendant does business in is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C-139(B) because defendant resides in this district and a substantial part of the events and omissions that gives to plaintiff's claim occurred in this district. Plaintiff is an employee of defendant as that term has been by FLSA, 29 USC 201 et seq.

203(e).

Defendant is governed by and subject to the FLSA, 29 USC 204 and 207.

Defendant is private employer engaged in interstate commerce and its gross revenue exceed $500,000 per year.

Since the Plaintiff's employment in 2016, he never kept accurate time sheet records for all hours worked by plaintiff.

Plaintiff is entitled to overtime pay for the hours over (40) in given work weeks. Defendant's practice violates the provisions of the FLSA 29. 201 USC 201. Including but not limited to 29 USC 207. As a result of defendant's unlawful practices, plaintiff has suffered lost wages.

## PARTIES AND FACTS

Plaintiff was hire by defendant around August of 2016.

Defendant is governed by and subject to the FLSA, 29 U.S.C –204 and 207.

Defendant failed to pay plantiff for off-the clock work.

Defendant is a willful violator which grants plantiff enough time to filed this claim under A three year terms under FLSA.

Between September 2018 until currently, defendant failed to keep records for all records for all hours worked by plaintiff.

## Count I violations of Hours Work and wage theft requirement of the Fair Labor Standard Act of 1938

Defendant repeatedly told plaintiff to arrive 15 minutes or even sometimes 30 minutes to work site without paying plaintiff all hours worked between August 2017 until present.

Defendant repeatedly had plaintiff on-call for certain work locations and with or without job assignment was sent home and promise 4 hours when showed up and sent home when regular officer arrived on site. Plaintiff 4 hours were not always paid. This happened excessively throughout plaintiff's employment.

Defendant constantly failed to pay all hours worked a direct violation of FLSA of 29.

## Count II violations of Over time wage requirement of the fair labor standard act of 1938

Defendant should have known to pay plaintiff for off the clock work, but avoided doing so which would resort to overtime pay when plaintiff work more than 40 hours a week or more.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this complaint with the same force and effect as if set forth herein.

Defendant repeatedly failed to pay Plaintiff all hours worked which is a violation of FLSA 1938.

Defendant failed to pay plaintiff vacation pay.

Defendant failed to pay holiday pay as describe in his handbook.

Defendant failed to provide records upon employee's request.

### Count III Failed to keep record keeping requirements of the fair labor standard act of 1938

Defendant failed to keep adequate time sheets for all hours worked and is a sloppy record keeper.

Defendant told plaintiff to send his time on cellphone by text and when plantiff did, he refused to pay all hour's work.

Defendant would promise plantiff a specific pay rate for a specific site job and then reduced the rate of pay once plantiff received his check.

Defendant told plantiff not to record all pre- or post-shift that would have resulted in overtime pay a complete violation of FLSA 1938.

Record keeping his required by both federal and state laws.

Defendant failed to accurately report, record and/or preserve records of hours worked by plantiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of FLSA.

Pursuant to FLSA, 29 US,C—216, plantiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorney fees, and costs of this litigation incurred in connection with these claims.

### Count VI Adverse Action keeping requirements of the fair labor standard act of 1938

On the date or around the date Oct 2021, plantiff complained to Defendant about all hours work that was not paid and as result suffered an adverse action of reduction in pay, benefits and failure to promote which is A violation of title 7, Flsa 1938.

Defendant violated section 15 (A) (3) as results of the complaint for Violation complaints to Defendant's corporate office.

Defendant is A willful violator under flsa and in bad faith.

### Prayer for relief

Wherefore, Plaintiff respectfully requests that this court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against defendant and awarding plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. 206(D) 207, and 216, Liquidated damages as provided by 29 USC 216, Pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorney's fees pursuant to 29 USC, 216, and all other remedies allowed under the FLSA, and

(C) Grant declaratory judgment declaring that plaintiff's rights have been violated:

(D) Grant Plaintiff leave to add additional state law claims if necessary; and

(E) Award plaintiff damages from adverse action, such further and additional relief as may be just and appropriate.

This 10th day of August, 2022.

_____          _____
**Signature**                                                                                       **Date**

Aus 10 2022